UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GERALD DEWAYNE WILSON,

        Petitioner,               Civil No. 1:09-CV-14787
                                        Honorable Thomas L. Ludington

v.

MARY BERGHUIS,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME FOR FILING FOR APPEAL, DENYING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, AND DENYING MOTION FOR COURT APPOINTMENT OF COUNSEL

On December 8, 2009, Petitioner Gerald DeWayne Wilson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. #1]. Now before the Court are Petitioner's Motion for Extension of Time for Filing for Appeal [Dkt. #9], application for leave to proceed *in forma pauperis* on appeal [Dkt. #s 10 and 13], and Motion for Court Appointment of Counsel [Dkt. # 11], all of which were filed on July 12, 2010.

Federal Rule of Appellate Procedure 4(a) governs the time for filing appeals from judgments or orders in civil actions. Petitioner has filed a motion for an extension of time to file an appeal, but does not specify what it is he seeks to appeal. The Court has not yet addressed the merits of the petition nor issued any other appealable order. Therefore, the Court will deny Petitioner's motion for extension of time for filing for appeal. The Court will also deny Petitioner's application for leave to proceed *in forma pauperis* on appeal.

Also before the Court is Petitioner's Motion for Appointment of Counsel. There is no constitutional right to counsel in habeas proceedings. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th

Cir. 1987). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); 18 U.S.C. § 3006A(a) (2)(B) (A habeas petitioner may obtain court-appointed representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require."). Petitioner has submitted his petition setting forth his claims. Neither an evidentiary hearing nor discovery are necessary at this time, and the interests of justice do not require appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); Rules 6(a) and 8(c) of the Rules Governing § 2254 Cases.

Accordingly, it is **ORDERED** that Petitioner's Motion for Extension of Time for Filing for Appeal [Dkt. # 9] is **DENIED**.

It is further **ORDERED** that Petitioner's application to proceed *in forma pauperis* on appeal [Dkt. #s 10 and 13] is **DENIED**.

It is further **ORDERED** that Petitioner's Motion for Court Appointment of Counsel [Dkt. # 11] is **DENIED WITHOUT PREJUDICE**. The Court will bear in mind the request if, upon further review of the pleadings and state court record, the Court determines that appointment of counsel is necessary. Petitioner need not file an additional motion concerning this issue.

          s/Thomas L. Ludington  
          THOMAS L. LUDINGTON  
          United States District Judge

Dated: March 7, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2011

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS